UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

RAUL PIMENTAL,             Case No.: _____

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, OCWEN LOAN SERVICING, LLC ("Ocwen"), removes the action pending in the County Court in and for Broward County, Florida, Case No. CONO-16-006069, styled *Raul Pimental v. Ocwen Loan Servicing, LLC*. Removal is authorized by 28 U.S.C. §§ 1331 and 1441 because the Plaintiff's Complaint alleges a cause of action under the Real Estate Settlement Procedures Act, 12. U.S.C. § 2601, *et seq.* ("RESPA").

### I.    Background and Compliance

On August 4, 2016, Plaintiff commenced an action by filing a complaint in the County Court in and for Broward County, Florida, Case No. CONO-16-006069, styled *Raul Pimental v. Ocwen Loan Servicing, LLC* ("State Court Action"). On August 12, 2016, Ocwen was served with the Complaint. Plaintiff's Complaint alleges a cause of action under RESPA. Ocwen has not filed an answer or otherwise responded to Plaintiff's Complaint. As of the date and time of filing of

140383.03994/103350250v.1

this Notice of Removal, the County Court has scheduled a pretrial conference for September 19, 2016, and trial has not been scheduled in the State Court Action.

Ocwen now removes Plaintiff's action to the United States District Court for the Southern District of Florida. Ocwen's notice of removal is timely. *See* 28 U.S.C. § 1446(b). Ocwen's deadline to remove the action is September 11, 2016, thirty (30) days from the date of service of the Complaint. *See* 28 U.S.C. § 1446(b); *Bailey v. Janssen Pharmaceutical, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008).

Under 28 U.S.C. § 1446(a), Ocwen attaches hereto as **Composite Exhibit A**, a copy of the state court file in this action, including copies of all process, pleadings, orders and other papers or exhibits of every kind. Ocwen represents that it will file with the Clerk of the County Court in and for Broward County, Florida, a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d), and will give written notice thereof to Plaintiff.

Under to 28 U.S.C. § 1441(a) venue properly rests in the United States District Court for the Southern District of Florida, as this action is being removed from the County Court where it was originally filed in Broward County, Florida.

## II.    Grounds for Removal

The above described action is a civil action in which this court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by Ocwen under 28 U.S.C. § 1441. Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." A case is deemed to arise under "the law that creates the cause of action." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983) (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)); *Provident Life & Accident Ins. Co.*

*v. Waller*, 906 F.2d 985, 988 (4th Cir. 1990); *West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2d Cir.1987); *White v. Matthews*, 420 F. Supp. 882, 887 (D. S.D. 1976). In other words, a claim gives rise to federal jurisdiction if it is "founded directly upon federal law." *Robinson v. Wichita Falls & North Texas Community Action Corp.*, 507 F.2d 245, 249 (5th Cir. 1975).

Here, Plaintiff's Complaint gives rise to federal jurisdiction through allegations that Ocwen violated RESPA. Therefore, removal is appropriate given that Plaintiff's RESPA claims arise under the laws of the United States. *See* 28 U.S.C. § 1331. It is undisputed that Plaintiff's claim is based on federal law and this Court should accept jurisdiction over the case.

### III.    Conclusion

Removal of this case is timely and appropriate, and this Court has federal question and supplemental jurisdiction over this action. Ocwen respectfully requests that this Court take jurisdiction over this matter and remove this action from the County Court in and for Broward County, Florida, to the United States District Court for the Southern District of Florida.

Dated: September 1, 2016

                            Respectfully submitted,

                            **BLANK ROME LLP**
                            500 E. Broward Blvd., Suite 2100
                            Ft. Lauderdale, FL 33394
                            Telephone: 954-512-1800
                            Facsimile: 954-512-1818

                            */s/ Anthony R. Yanez*
                            ANTHONY R. YANEZ
                            Florida Bar No. 45219
                            AYanez@BlankRome.com
                            Bocaeservice@BlankRome.com
                            NICOLE R. TOPPER
                            Florida Bar No. 558591
                            NTopper@BlankRome.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 1st day of September, 2016, with the Clerk of the Court by using the CM/ECF System, and served by e-mail to Counsel for Plaintiff: Brian Korte, Esquire, service@kwlawfirm.com.

**BLANK ROME LLP**
500 E. Broward Blvd., Suite 2100
Ft. Lauderdale, FL 33394
Telephone: 954-512-1800
Facsimile: 954-512-1818

*/s/ Anthony R. Yanez*
ANTHONY R. YANEZ
Florida Bar No. 45219
AYanez@BlankRome.com
Bocaeservice@BlankRome.com